UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

MIMOSA TODORA,

                              Plaintiff,                **Case No.: 1:18-cv-05602**

       - against –

BULGARI CORPORATION OF AMERICA,        **<u>VERIFIED COMPLAINT</u>**

                    Defendant.           **DEMAND FOR JURY TRIAL**

------------------------------------------------------------------------x

Ms. Mimosa Todora, by her attorneys, White, Nisar & Hilferty, LLP, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.    Plaintiff Ms. Mimosa Todora ("Ms. Todora"), a Bulgarian woman, born on December 9, 1956, who suffers from chronic depression and chronic anxiety, files this complaint alleging that Defendant Bulgari Corporation of America unlawfully discriminated and retaliated against her based upon her age, gender, national origin, and disability. Following the hire of a new Chief Financial Officer, Defendant illegally and improperly disciplined and demoted Ms. Todora, unlawfully denied her request for long-term disability, retaliated against her, and ultimately terminated her employment. Ms. Todora diligently performed her job duties for Defendant over the course of sixteen years, only to receive disparate treatment in her employment opportunities. Ms. Todora now requests this Court enforce her civil rights as protected by federal, state, and local law.

2.    Plaintiff brings this action pursuant Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §1981 *et seq.*, 42 U.S.C. § 2000 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §

12101 *et seq*., the New York State Human Rights Law, N.Y. Exec. Law 290. *et seq*., and the New York City Human Rights Law, N.Y. Admin Code 8-101, *et seq*. against Defendant.

## JURISDICTION & VENUE

3.       This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's Civil Rights under Title VII and the other aforementioned federal statutes.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §1367(a).

4.       Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PROCEDURAL REQUIREMENTS

5.       Ms. Todora complied with all statutory prerequisites to filing this action.

6.       On January 26, 2017, Ms. Todora filed a Verified Complaint with the New York State Division of Human Rights, charging Defendant with unlawful discriminatory employment practices.

7.       On January 30, 2018, Ms. Todora requested that the New York State Division of Human Rights dismiss her action so that she may proceed in federal court.

8.       On February 12, 2018, Ms. Todora requested that the EEOC issue a right to sue letter so that she may proceed in federal court.

9.       On April 11, 2018, the EEOC issued Ms. Todora a right to sue letter.

10.      Ms. Todora filed this action within 90 days of receipt of the EEOC's decision.

11.      Ms. Todora met any and all other prerequisites to the filing of this suit.

## THE PARTIES

12.     Plaintiff Ms. Mimosa Todora is a Bulgarian woman, sixty-two years of age, who suffers from chronic depression and chronic anxiety, residing in Bronx, New York. Defendant employed Ms. Todora from 2001 to 2017, when it unlawfully terminated her employment.

13.     Defendant is a wholly-owned subsidiary corporation of LVMH Moet Hennessy Louis Vuitton SE, marketing luxury goods and perfumes to retailers, with its principal place of business at 555 Madison Avenue, 9th Floor, New York, New York 10022.

## FACTUAL ALLEGATIONS

14.     Defendant hired Ms. Todora on June 18, 2001 as a Credit Risk Analyst and compensated her an hourly rate of $15.00. Defendant subsequently promoted Ms. Todora to Bulgari Retail United States Accountant in 2006 and increased her hourly rate to $25.00. In 2011, Defendant again promoted Ms. Todora to Senior Accountant.

15.     As set forth in greater detail below, Ms. Todora experienced a plethora of discrimination and harassment based on her age, gender, national origin, disability, as well as retaliation during her employment with Defendant. After Defendant's hire of a new Chief Financial Officer, Ms. Todora was subjected to a demotion, increased workload, unwarranted discipline, and termination. Following Ms. Todora's conversation with a Human Resources representative about the adverse employment actions, Defendant characterized her as "distractive, negative, timewasting, unproductive, nonreactive, non-mindful, rely on the past, why asking and complaining," despite noting her performance as "good." Further, Defendant treated Ms. Todora less-favorably than similarly-situated American employees under the age of 40 who did not suffer from disabilities. Ms. Todora began to experience severe anxiety due to Defendant's actions. Ms. Todora was diagnosed with severe anxiety and severe depression, requiring continuing treatment

by Doctor Jill Silverman. Defendant denied Ms. Todora's request for long-term disability after she provided a doctor's note memorializing her diagnosis and need for accommodation. In retaliation for her discrimination complaint and accommodation request, Defendant unlawfully terminated Ms. Todora.

16.     From 2001 through 2015, Ms. Todora's work performance and development was exemplary. Defendant characterized her as detail oriented, thorough, proactive, determined, committed to accepting additional responsibility, responsible, and highly reliable.

17.     In August 2015, Defendant hired Chief Financial Officer Ryan Crowley. Immediately, Crowley treated Ms. Todara less favorable than other American employees under the age of 40 who did not suffer from disabilities. Notably, Ms. Todora was the oldest employee in the Accounting Department.

18.     On November 27, 2015, Defendant disciplined Ms. Todora after she complained about noise in the office and for sending an email to the IT Manager about unresolved software issues. Comptroller Raymond Crowther claimed that Ms. Todora was prohibited from contacting the IT Manager directly because of her employee level. Defendant never previously communicated this restriction to Ms. Todora.

19.     In December 2015, Crowther approached Ms. Todora on her way out of the office and engaged in small talk with her. Suddenly, in an unprovoked manner, Crowther asked if she knew Crowley's sexual orientation. Crowther then stated that Crowley was gay. A few weeks later, Crowther conveyed to Ms. Todora that Crowley did not like her because of her accent. In addition, he told her that her position was not secure and that she could be fired for any reason regardless of her work experience or knowledge.

20.    In May 2016, Defendant promoted Louis Daza, who was younger and significantly less experienced than Ms. Todora, to Treasury and Credit Manager, despite Daza garnering only three years of employment with Defendant. Prior to Daza's promotion, Ms. Todora reported directly to Crowther. After what amounted to a demotion, Ms. Todora reported to Daza. Defendant also changed Ms. Todora's title from Senior Accountant to Sales Auditor. When Daza became her supervisor, Defendant increased Ms. Todora's workload and responsibilities. When Ms. Todora requested a meeting with Daza regarding her workload, he was disinclined to discuss the matter, called her cranky, negative, and stated that she was, "wasting time asking to talk about [her] workload instead of working."

21.    In 2016, Defendant denied Ms. Todora's vacation requests on multiple occasions, alleging that the timing was "never right," despite approving other employees' vacation requests.

22.    On February 13, 2017, Ms. Todora experienced anxiety because of her increased workload and Defendant's toxic work environment. Defendant also contributed to Ms. Todora's exhaustion by refusing to grant her individual vacation days. Ms. Todora frequently had to take work home or stay at work late without overtime compensation. When she sought help, Daza told Ms. Todora that she was negative and demanded that she stop complaining.

23.    Later that day, Ms. Todora had an appointment with her doctor, who provided her with a medical note to take a four day leave from February 13, 2017 to February 17, 2017. Ms. Todara informed Daza of this time. Crowther learned about this request and asked when Ms. Todora wanted to meet to discuss her workload. Ms. Todora indicated she was immediately available.

24.    On February 18, 2017, Ms. Todora returned to work. Ms. Todora had a casual conversation with Laura from the Human Resources Department about her demotion, increased

workload, and the comment Crowther relayed to Crowley about her accent. Laura indicated that she would escalate and discuss Ms. Todora's problems with Jenna Sheldon from Human Resources.

25.     In March 2017, Ms. Todora met with Daza to discuss her job performance and objectives. Sheldon and Crowther were also present due to Ms. Todora's conversation with Laura from Human Resources. Despite Defendant's notation that Ms. Todora's job performance was good, Defendant attacked her character. Specifically, Defendant characterized Ms. Todora as someone who was "distractive, negative, timewasting, unproductive, nonreactive, non-mindful, rely on the past, why asking and complaining." Ms. Todora did not know the underlying basis for these comments and therefore, did not sign the job review document.

26.     During this time, Ms. Todora was the only employee from the Accounting Department who took a 30-minute lunch break. Other employees were permitted to take one-hour lunch breaks. Per Defendant's policy, employees were permitted to take a 30-minute lunch break and two 15-minute breaks, one in the morning and another in the afternoon.

27.     On March 24, 2017, Ms. Todora requested to meet with Crowley to discuss her performance and the comments made during her job review. Thereafter, Ms. Todora received an email to meet with Sheldon and Jill from Human Resources. During the meeting, Sheldon informed Ms. Todora that her complaint was now a discrimination case and advised her not to discuss the problem with anyone from the company moving forward. Further, Sheldon told Ms. Todora that Defendant would commence an investigation once Director of Human Resources Lisa Bond returned to the office from a trip. Additionally, Sheldon warned Ms. Todora that Defendant had witnesses against her. Due to the stressful work situation, Ms. Todora experienced anxiety and was advised by her doctor to take FMLA leave.

28.     On March 28, 2017, Training Manager John Murphy introduced Ms. Todora to new sales associates as "this character." Ms. Todora took issue with this characterization. As Defendant's employee for sixteen years, to be reduced to such an epithet offended Ms. Todora. Ms. Todora's responsibilities were to correct store locations for processing sales and charging customers incorrectly. Performing these responsibilities did not warrant taunting by fellow employees. In addition, Ms. Todora informed Defendant that she notified her supervisor about the need to leave early for her doctor's appointment. Ms. Todora then left the office at 3:00 p.m. for this doctor's appointment.

29.     In April 2017, Sheldon left her employment with Defendant.

30.     In May 2017, Crowther left his employment with Defendant.

31.     On June 20, 2017, Doctor Jill Silverman released Ms. Todora to return to work on June 28, 2017.

32.     On June 28, 2017, Ms. Todora returned to work. She brought a letter from her psychiatrist Dr. Kathleen Cilione, dated June 6, 2017, requesting accommodations for Ms. Todora to attend doctor's appointments and flexible scheduling when her severe anxiety and depression required. Prior to beginning the work day, Ms. Todora was scheduled to meet with Daza, Crowther, Sheldon, and Bond. Due to Sheldon and Crowther's departures, Ms. Todora instead met with Daza, Bond, and Jill. During the meeting, Daza read Ms. Todora's new job responsibilities and read out a retroactive disciplinary correction based upon events which occurred on March 28, 2017. Namely, Defendant issued the correction both for leaving the office at 3:00pm and for the incorrectly alleged "outburst" for speaking with Murphy about his inappropriate comment. Daza then left the office. Then, Ms. Todora asked Bond and Jill about the results of her investigation. Bond yelled, "What investigation?!" Further, Bond stated there was no investigation and advised

Ms. Todora that if she was unhappy, she could leave the company. At the end of the meeting, Bond stated that Ms. Todora was not an Accountant and that she had never been one. Further, Bond told Ms. Todora that she was never actually promoted to Senior Accountant and any statement to the contrary was simply a lie. Ms. Todora experienced such hostility that she was unable to submit her psychiatrist's letter requesting an accommodation.

33.     Due to the stress of the situation, Ms. Todora left work at 3:00 p.m. for an appointment with Dr. Silverman. Dr. Silverman provided Ms. Todora with a note dated June 28, 2017 stating that she suffered a severe anxiety attack as a result of Defendant's baseless allegations and required long-term disability approval starting June 29, 2017. Dr. Silverman did not set forth a return date on the letter at that time since Ms. Todora's treatment required a complex examination. Nevertheless, Defendant refused to consider Ms. Todora's need for a reasonable accommodation.

34.     On July 5, 2017, Defendant issued a letter in response to Ms. Todora's long-term disability request specifying further information required to properly consider her request. Defendant specified a deadline of July 12, 2017 to provide this information.

35.     On July 7, 2017, Dr. Silverman issued a letter providing further clarification to Defendant regarding her diagnoses and need for a leave of absence from work.

36.     On July 13, 2017, Defendant simultaneously denied Ms. Todora's long-term disability request and terminated her employment. Defendant terminated her employment specifically due to her request for a leave of absence. Defendant retroactively set Ms. Todora's termination date for July 10, 2017.

37.     Defendant treated Ms. Todora differently as compared to similarly-situated American employees under the age of forty with no disability or accommodation requirements

8

with respect to their terms and conditions of employment. Defendant harassed, discriminated and retaliated against Ms. Todora in employment opportunities, disciplinary action and in the terms, conditions, and privileges of her employment on account of her age, gender, national origin, and medical disability.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT**
**(DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000)**

38.     Ms. Todora repeats and realleges every paragraph above, as if fully set forth herein.

39.     Ms. Todora is a member of protected classes pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2, namely Ms. Todora is female and Bulgarian.

40.     Ms. Todora possessed proper qualifications for Defendant to continue her employment.

41.     Defendant's repeated discriminatory comments, improper demotion, increased workload, unwarranted discipline, denial of long-term disability, and termination adversely affected Ms. Todora's employment.

42.     The circumstances previously herein set forth give rise to the inference of gender and national origin discrimination by Defendant.

43.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 §703(a), Ms. Todora suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
### (DISCRIMINATION IN VIOLATION OF 29 U.S.C. §623)

44.     Ms. Todora repeats and realleges every paragraph above, as if fully set forth herein.

45.     Ms. Todora is a member of a protected class pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623, namely she is sixty-two of age.

46.     Ms. Todora possessed proper qualifications for Defendant to continue her employment.

47.     Defendant's repeated discriminatory comments, improper demotion, increased workload, unwarranted discipline, denial of long-term disability, and termination adversely affected Ms. Todora's employment.

48.     The circumstances previously herein set forth give rise to the inference of age discrimination by Defendant.

49.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of 29 U.S.C. §623, Ms. Todora suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT
### (DISCRIMINATION IN VIOLATION OF 42 U.S.C. §12101)

50.     Ms. Todora repeats and realleges every paragraph above, as if fully set forth herein.

51.     Ms. Todora is a member of a protected class pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, namely she suffers from chronic anxiety and chronic depression.

52.     Ms. Todora possessed proper qualifications for Defendant to continue her employment.

53.     Defendant's repeated discriminatory comments, improper demotion, increased workload, unwarranted discipline, denial of long-term disability, and termination adversely affected Ms. Todora's employment.

54.     The circumstances previously herein set forth give rise to the inference of disability discrimination by Defendant.

55.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, Ms. Todora suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT
### (RETALIATION IN VIOLATION OF 42 U.S.C. §12203)

56.     Ms. Todora repeats and realleges every paragraph above, as if fully set forth herein.

57.     Ms. Todora engaged in an activity protected by Americans With Disabilities Act of 1990, 42 U.S.C. §12203 by lodging a complaint with Defendants of disability discrimination.

58.     Defendants were aware of Ms. Todora's complaint.

59.     Defendants took adverse action as a result of Ms. Todora's disability complaint, including terminating her employment, denying her long-term disability benefits, and actions set forth in the preceding paragraphs.

60.     The circumstances previously herein set forth give rise to the inference of retaliation by Defendant.

61.     As a direct and proximate result of Defendant's unlawful discriminatory and retaliatory conduct in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §12203, Ms. Todora suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANT
### (DISCRIMINATION IN VIOLATION OF N.Y. EXEC. LAW § 296)

62.     Ms. Todora repeats and realleges every paragraph above, as if fully set forth herein.

63.     Ms. Todora is a member of protected classes pursuant to New York Executive Law § 296, namely she is female, over forty years of age, Bulgarian, and suffers from both chronic anxiety and chronic depression.

64.     Ms. Todora possessed proper qualifications for Defendant to continue her employment.

65.     Defendant's repeated discriminatory comments, improper demotion, increased workload, unwarranted discipline, denial of long-term disability, and termination adversely affected Ms. Todora's employment.

66.     The circumstances previously herein set forth give rise to the inference of gender, age, national origin, and disability discrimination.

67.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of N.Y. Exec. Law § 296, Ms. Todora suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**SIXTH CAUSE OF ACTION AGAINST DEFENDANT**
**(RETALIATION IN VIOLATION OF N.Y. EXEC. LAW § 296(7))**

68.    Ms. Todora repeats and realleges every paragraph above, as if fully set forth herein.

69.    Ms. Todora engaged in an activity protected by New York Executive Law § 296 by lodging a complaint with Defendants of disability discrimination.

70.    Defendants were aware of Ms. Todora's complaint.

71.    Defendants took adverse action as a result of Ms. Todora's disability complaint, including terminating her employment, denying her long-term disability benefits, and actions set forth in the preceding paragraphs.

72.    The circumstances previously herein set forth give rise to the inference of retaliation by Defendant.

73.    As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of N.Y. Exec. Law § 296(7), Ms. Todora suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

**SEVENTH CAUSE OF ACTION AGAINST DEFENDANT**
**(DISCRIMINATION IN VIOLATION OF N.Y.C. ADMIN. CODE §8-107)**

74.    Ms. Todora repeats and realleges every paragraph above, as if fully set forth herein.

75.    Ms. Todora is a member of a protected class pursuant to New York City Administrative Code § 8-107, namely she is female, over forty years old, Bulgarian, and suffers from both chronic anxiety and chronic depression.

76.    Ms. Todora possessed proper qualifications for Defendant to continue her employment.

77.     Defendant's repeated discriminatory comments, improper demotion, increased workload, unwarranted discipline, denial of long-term disability, and termination adversely affected Ms. Todora's employment.

78.     The circumstances previously herein set forth give rise to the inference of age, gender, national origin, and disability discrimination.

79.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of N.Y.C. Admin. Code § 8-107, Ms. Todora suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

**EIGHTH CAUSE OF ACTION AGAINST DEFENDANT**
**(RETALIATION IN VIOLATION OF N.Y.C. ADMIN. CODE §8-107(7))**

80.     Ms. Todora repeats and realleges every paragraph above, as if fully set forth herein.

81.     Ms. Todora engaged in an activity protected by New York City Administrative Code § 8-107 by lodging a complaint with Defendants of disability discrimination.

82.     Defendants were aware of Ms. Todora's complaint.

83.     Defendants took adverse action as a result of Ms. Todora's disability complaint, including terminating her employment, denying her long-term disability benefits, and actions set forth in the preceding paragraphs.

84.     The circumstances previously herein set forth give rise to the inference of retaliation by Defendant.

85.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of N.Y.C. Admin. Code §8-107(7), Ms. Todora suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

**WHEREFORE**, Ms. Todora prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A.      A declaratory judgment that actions, conduct, and practices of Defendant complained of herein violate the laws of the United States and the State and City of New York;

B.      An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.      An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Ms. Todora for all monetary and/or economic harm;

D.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Ms. Todora for all non-monetary and/or compensatory harm, including but not limited to, compensation for mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

E.      An award of damages for any and all other monetary/non-monetary losses suffered by Ms. Todora in an amount to be determined at trial, plus prejudgment interest;

F.      An award of punitive damages;

G.      An award of costs that Ms. Todora incurred in this action, as well as Ms. Todora's reasonably attorneys' fees to the fullest extent permitted by law; and

H.      Such other and further relief as the Court may deem just and proper.

Dated: June 20, 2018
New York, New York

Respectfully submitted,


M. Dinora Smith (MS 2096)
White, Nisar & Hilferty, LLP
*Attorneys for Plaintiff*
*Mimosa Todora*
570 Lexington Avenue, 16th Floor
New York, New York 10022
(646) 690-8881

## <u>VERIFICATION</u>

State of New York

    ss.:

County of New York

  Mimosa Todora, being duly sworn, deposes and says: that she is the Plaintiff herein; that she has read the foregoing complaint and knows the content thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, she believes the same to be true.



              Mimosa Todora

Sworn to before me this

 1 Day of June, 2018

Notary Public

M DINORA SMITH
Notary Public, State of New York
No. 02SM6371109
Qualified in New York County
Commission Expires February 20, 20 22